UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROLYN L. DAVIS,<br>　　9215 Crosby Road<br>　　Silver Spring, MD 20910,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL B. MUKASEY,<br>　　United States Attorney General,<br>　　950 Pennsylvania Avenue, N.W.<br>　　Washington, DC 20530-0001<br><br>　　　　Defendant. | Civil Action No. _____ |

## COMPLAINT
(Employment Discrimination)

### Introduction

1. Plaintiff Carolyn L. Davis, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1981a, and the Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C. § 633a, to remedy acts of employment discrimination and retaliation perpetrated against her by the United States Department of Justice. Plaintiff contends that management at that Department – specifically, Maribeth Petrizzi, a Section Chief in the Department's Antitrust Division, and James Tierney, her former Assistant Section Chief – discriminated against her because of her race (African-American) and sex (female) and age (54 years of age at the time of the actions complained of), first, by removing her from "lead" attorney duties with regard to the Amsted/FMI antitrust investigation in May 2006 and, then, by rating her "minimally satisfactory" for the period October 1, 2005 through September 30, 2006, on

her annual performance appraisal in December 2006 to "justify" removing her from the lead attorney position in that investigation. Further, Ms. Petrizzi later retaliated against Ms. Davis for having previously engaged in protected civil rights activity (initiating the EEO process) by changing her duties to include "the review of HSR filings" on or about March 14, 2007. As a consequence of these discriminatory/retaliatory actions, Ms. Davis has been caused to suffer damage to her career, personal and professional humiliation, emotional harm, and stress related physical illness and injury.

### Jurisdiction

2.  This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c), and the ADEA, 29 U.S.C. § 633a. Plaintiff first contacted the EEO office on January 25, 2007. She timely filed her formal administrative complaint of employment discrimination and retaliation with regard to the allegations contained in this civil action on April 5, 2007, after having received a notice of the end of EEO counseling on March 23, 2007. Plaintiff was sent a Report of Investigation ("ROI") on her formal EEO Complaint on November 20, 2007, and received it sometime later. Plaintiff requested a Final Agency Decision ("FAD") on December 21, 2007, which was acknowledged by the Department of Justice by letter dated January 3, 2008. To date, however, no FAD has yet been issued.

### Venue

3.  Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3), and under 28 U.S.C. § 1391(b), as plaintiff was employed by the United States Department of Justice in the District of Columbia at the time of the action complained of, records pertaining to plaintiff's employment are maintained by the United States Department of Justice in this judicial district, and

the actions adverse to plaintiff's employment complained of in this civil action were taken here as well.

## Parties

4.  Plaintiff is a 56 year-old African-American female citizen of the United States and of the State of Maryland. Plaintiff is employed by the United States Department of Justice as a GS-15 level Trial Attorney with the Antitrust Division. She has held this position since returning to the Department of Justice's employ in 1994. Plaintiff has worked in the Litigation II Section of the Antitrust Division since 1999.

5.  Defendant Michael B. Mukasey is currently the Attorney General of the United States, and, as such, he heads the United States Department of Justice ("DOJ"), a department within the Executive Branch of the government of the United States that has employed more than 500 persons in each of the last 20 weeks. Mr. Mukasey is being sued here in his official capacity only.

## Statement of Facts

6.  As noted, Ms. Davis is a 56 year old African American female. She is an attorney with the DOJ Antitrust Division, serving in the Litigation II Section. She is now a GS-15 (Step 10), having returned to DOJ in 1994 (as a GS-15/7) after a absence of 10 years. During that hiatus, Ms. Davis handled complex litigation and successfully tried cases in federal court. She was an associate with a private law firm in Philadelphia, Pennsylvania; an Assistant Regional Counsel with the U.S. Postal Service Law Department at the Eastern Region's headquarters in Philadelphia, Pennsylvania; she attended the London School of Economics, gaining an LL.M degree. in International Business and Economic Law with a focus on Comparative Competition/Antitrust Law (1990-1991); and she was

a Lecturer at University of Maryland's European Division in London and for Seminar in the London School of Economics' LL.M. Program (1993). Earlier, Ms. Davis had been with DOJ's Antitrust Division as Trial Attorney, GS-11 to GS-13 (1981-1984).

7. Ms. Davis's current annual salary as a GS-15 (Step 10) with the Antitrust Division of DOJ is approx. $149,000. She works in the Washington, D.C. headquarters of DOJ.

8. Ms. Davis is a 1981 graduate of New York University School of Law. She also has a Master of Science degree in Speech Pathology and Audiology (1974) and a Bachelor of Science degree in Secondary Education - English (1973), both from Pennsylvania State University. Prior to attending law school, she was a speech pathologist for the DeKalb County (Georgia) School System (1975-1978), and served as supervisor in her last year there (1977-1978).

9. Through her career at DOJ, until 2005-2006, Ms. Davis has had fully successful or better annual performance appraisals. Though she has always doubted the fairness of the appraisals, thinking that they should have been higher, she has never filed an EEO complaint challenging an appraisal.

10. Since 2003, Ms. Davis has had the same supervisor: the white female Section Chief of Litigation II, Maribeth Petrizzi, who is a member of the Senior Executive Services ("SES"). Until July 2006, Ms. Petrizzi was assisted in managing the Litigation II Section by an Assistant Section Chief named James Tierney, a white male employee who has since been promoted to the SES Chief position of another section (and replaced by Dorothy Fountain, a white female, as Assistant Section Chief).

11. The troubles that are the specific subject of her EEO complaint began for Ms. Davis when she was removed from a "lead" attorney position in the Amsted/FMI investigation in May 2006 and replaced by a 31 year-old white male attorney in the Antitrust Division named C. Scott Hataway.

This action was taken by Ms. Petrizzi and Mr. Tierney, who claimed on May 8, 2006 – without any prior warning whatsoever – that Ms. Davis was not capable of handling the remainder of the Amsted/FMI investigation. Although upset by this action, Ms. Davis did not seek to challenge the action through the EEO process at that time for fear that to do so would endanger her career more generally than the loss of a lead attorney position in a single investigation, and because it was unclear to her at that point in time that stripping her of the lead attorney job was motivated by unlawful discrimination rather than a desire to unfairly aid the career of a well regarded new-comer (Mr. Hataway).

12. After Ms. Petrizzi removed her from the lead attorney position on the Amsted/FMI investigation in May 2006, Ms. Davis received no assignments whatsoever from her supervisors for the remainder of the 2005-2006 rating period; she simply remained on the Amsted/FMI investigation in a non-lead capacity.

13. When Ms. Davis's supervisors unfairly sought to justify their removal of her from the lead attorney role in the Amsted/FMI investigation by giving her a "minimally satisfactory" rating in the annual performance appraisal for 2005-2006, it became clear to her that the earlier action (*i.e.*, removing her from the lead role) was not just an unfair effort to aid the young Mr. Hataway, but a blatant act of unlawful race/sex/age discrimination against her – one which required an overt pretextural mask to "justify" it. In this regard, the rating of "minimally satisfactory" was in multiple elements, including legal writing, research, investigation and litigation, negotiations and oral presentations, and diligence, dependability, and adherence to office policy, as well as in her overall performance. All these "minimally satisfactory" ratings were given to Ms. Davis without any warning whatsoever, and were completely unjustified.

14. Indeed, any failings in the Amsted/FMI investigation during the time that Ms. Davis was the lead was due not to any lack of skill or effort on her part, but rather to her superiors' refusal to devote themselves to the matter at all and their refusal to provide the resources needed to the investigative efforts. In this regard, while Ms. Davis was the lead attorney on this investigation, Ms. Petrizzi and Mr. Tierney would not read or respond to critical evidence Ms. Davis presented to them demonstrating that the Amsted/FMI merger transaction presented a problem. Further, Ms. Petrizzi and Mr. Tierney failed to staff the investigation with sufficient attorneys during Ms. Davis's tenure as lead attorney: only Ms. Davis and one junior attorney were assigned to the investigation while Ms. Davis was leading it, despite the fact that, at the time, the investigation was in need of additional attorney staff to handle substantive issues as well as the unusually difficult issues presented by parties' failure to comply with DOJ's Civil Investigative Demand requesting documents and information. These failures on the part of management resulted in delays in the investigation, including delaying the lead economists's decision to begin a full analysis of the relevant data.

15. Even before their discriminatory action of removing Ms. Davis from the lead attorney role in the Amsted/FMI investigation, Ms. Petrizzi and Mr. Tierney mistreated her in ways that amounted to a hostile environment for Ms. Davis. Just days before removing her from the lead attorney role, for example, they announced to other members of the Amsted/FMI investigation team that they were adding attorneys to the team, including C. Scott Hataway. However, Ms. Petrizzi and Mr. Tierney did not inform Ms. Davis of this personnel expansion, leaving her to find out accidentally through a team paralegal.

16. In June 2006, Ms. Davis attempted to remove herself from the hostile work environment created by Ms. Petrizzi by requesting of J. Robert Kramer, Director of Operations, Antitrust Division, that she be transferred to another section within the Division. Notwithstanding her

record of excellent service, upper management at the Division refused Ms. Davis's transfer request and left her in the hostile environment of Ms. Petrizzi's supervision.

17. After being removed from the lead role in the Amsted/FMI investigation – which she had worked from the very start, having developed the case from a complaint and having performed very well as the lead attorney on the investigation – in May 2006, Ms. Davis was given no further lead assignments that year by Ms. Petrizzi. Thus, when the minimally successful appraisal was given to her in December 2006, it became clear to Ms. Davis that her management was attempting to justify having removed her from the lead role in the Amsted/FMI investigation back in May. Accordingly, it occurred to her that management needed to have a justification because it had not been a mere act of special treatment for Mr. Hataway, but a blatant act of unlawful employment discrimination against her.

18. Moreover, the treatment accorded Ms. Davis by Ms. Petrizzi and Mr. Tierney occurred against a backdrop of many years of pervasive racism against African Americans at the Antitrust Division of DOJ. In this regard, in its 75-year history the Antitrust Division has never promoted an African American to the position of Section Chief at its headquarters in the nation's capital; and while it did once have an African American male Deputy Section Chief in Washington, D.C., he was never made Section Chief; certainly, no African American woman has ever been advanced to a career management role at Antitrust Division headquarters in Washington. This, despite that fact that there have been ample quality African American attorneys' employed by the Division who could have filled such management positions. Antitrust Division management has created barriers to the professional advancement of African American women by, for example, discriminatorily giving them less favorable assignments, denying them access to developmental and training opportunities like attendance at Senior Litigator conferences that are made available to white and/or male attorneys in the Division,

and downgrading their performance appraisals. Among other things, performance appraisals are used to support recommendations for promotion, bonuses, and awards. Moreover, a federal employee's performance appraisal is required to be submitted as part of an application package for most federal job vacancies. Thus, with artificially lowered performance appraisals, African American women attorneys at the Antitrust Division have been made less competitive for all federal positions within the Division, in other parts of the Department of Justice, and in other federal departments and agencies.

19.     With the minimally satisfactory rating for 2005-2006, Ms. Davis timely initiated EEO counseling on January 25, 2007. Her immediate supervisor, Maribeth Petrizzi, was contacted by the EEO Counselor in February 2007. Whereupon, in reaction to Ms. Davis having raised EEO claims concerning her treatment in the Litigation II Section (*i.e.*, being removed as lead attorney in favor a younger, less experienced white male when she was doing a good job in that role in May 2006, and being given a minimally satisfactory performance rating for 2005-2006 in December 2006), her management (in the person of Maribeth Petrizzi) changed her duties to include the lesser role of "the review of HSR filings" and has continued to refuse to place her in a lead attorney role on any significant matter (*e.g.*, like the Amsted/FMI investigation). Indeed, before Ms. Davis contacted the EEO Counselor with regard to the matters complained of herein, Ms. Petrizzi had never assigned her the task of reviewing "HSR filings."

## Statement of Claims

### Claim I – Race Discrimination

20.     As previously stated herein above, defendant, through subordinate DOJ management in the Antitrust Division, has discriminated against plaintiff on the basis of her race.

- 8 -

21. As a consequence of such race-based discrimination, plaintiff has suffered and continues to suffer career damage, lost awards and bonuses, as well as personal and professional humiliation, emotional pain, and stress-related physical illness and injury.

**Claim II – Sex Discrimination**

22. As previously stated herein above, defendant, through subordinate DOJ management in the Antitrust Division, has discriminated against plaintiff on the basis of her sex.

23. As a consequence of such sex-based discrimination, plaintiff has suffered and continues to suffer career damage, lost awards and bonuses, as well as personal and professional humiliation, emotional pain, and stress-related physical illness and injury.

**Claim III – Age Discrimination**

24. As previously stated herein above, defendant, through subordinate DOJ management in the Antitrust Division, has discriminated against plaintiff on the basis of her age.

25. As a consequence of such age-based discrimination, plaintiff has suffered and continues to suffer career damage, lost awards and bonuses, as well as personal and professional humiliation, emotional pain, and stress-related physical illness and injury.

**Claim IV – Retaliation**

26. As previously stated herein above, defendant, through subordinate DOJ management in the Antitrust Division, has retaliated against plaintiff for her having complained about race/sex/age discrimination in removing her from the lead attorney role in the Amsted/FMI investigation and in giving her a minimally satisfactory rating for 2005-2006, by changing her duties and responsibilities to include the review of HSR filings, a lesser role.

27. As a consequence of such retaliation, plaintiff has suffered and continues to suffer career damage, as well as personal and professional humiliation, and emotional pain, and stress-related physical illness and injury.

### Prayer for Relief

28. Plaintiff requests that the Court enter an order declaring that:

(a) defendant discriminated against plaintiff on the basis of her race by removing her from the lead attorney role in the Amsted/FMI investigation in May 2006 and by giving her an undeserved minimally satisfactory annual performance rating for 2005-2006 in December 2006, etc.;

(b) defendant discriminated against plaintiff on the basis of her sex by removing her from the lead attorney role in the Amsted/FMI investigation in May 2006 and by giving her an undeserved minimally satisfactory annual performance rating for 2005-2006 in December 2006, etc.;

(c) defendant discriminated against plaintiff on the basis of her age by removing her from the lead attorney role in the Amsted/FMI investigation in May 2006 and by giving her an undeserved minimally satisfactory annual performance rating for 2005-2006 in December 2006, etc.;

(d) defendant retaliated against plaintiff because she had complained that removing her from the lead attorney role in the Amsted/FMI investigation in May 2006 and giving her an undeserved minimally satisfactory annual performance rating for 2005-2006 in December 2006 were acts of unlawful employment discrimination, by changing her duties to include the lesser role of the review of HSR filings, etc.;

(e) defendant is to provide plaintiff with an "Outstanding" performance appraisal for the period October 1, 2005 through September 30, 2006, and for all annual appraisal periods thereafter,

and shall provide her with the pay increases, bonuses, and awards that such rating(s) would have allowed, with interest thereon;

(f) defendant is to assign plaintiff lead roles in important cases, and is to consider her as having successfully performed in such roles since 2005 for purposes of awards, ratings, and promotions;

(g) defendant is to provide plaintiff with the award given to C. Scott Hataway for his work as lead attorney on the Amsted/FMI investigation, for her work as lead attorney on that case, including any monetary emolument that accompanied that award, with interest thereon;

(h) defendant is to correct its records, including plaintiff's Official Personnel File ("OPF"), so as to reflect the relief ordered by the court;

(i) defendant is to pay to plaintiff the sum of $300,000.00 in compensatory damages suffered as a result of the discrimination, plus interest thereon, *and* $300,000.00 in compensatory damages suffered as a result of the retaliation perpetrated on her by DOJ management, plus interest thereon;

(j) defendant is to refrain from any future acts of discrimination and/or retaliation against plaintiff;

(k) defendant is to pay plaintiff the costs of bringing and maintaining this civil action and the administrative charges that preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. 2000e-5(k), with interest thereon; and,

(l) in addition, defendant is to be ordered to provide plaintiff with such other and further relief as the interests of justice may require.

## Jury Demand

29. Plaintiff hereby requests a jury trial on all issues of fact, including the measure of damages.

Respectfully submitted,

David H. Shapiro
D.C. Bar No. 961326
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, DC 20005
Tel. 202-842-0300
Fax 202-842-1418
Email - dhshapiro@swickandshapiro.com

Attorney for Plaintiff

- 13 -

## Verification

I hereby verify that the factual allegations contained in the foregoing Complaint are true and correct to the best of my knowledge, information, belief and recollection.

5/2/08
Date

_____
Carolyn L. Davis

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Carolyn L. Davis

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  031
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David H. Shapiro
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C. 20005
202.842.0300

## DEFENDANTS

Michael B. Mukasey, U.S. Attorney General
U.S. Department of Justice

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and <u>one</u> in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ● H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

● 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., and 42 U.S.C. § 1981a, and ADEA, 29 U.S.C. §633a

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ 600,000 + fees + other remedies    Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

## VIII. RELATED CASE(S) IF ANY

(See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 05/01/08    SIGNATURE OF ATTORNEY OF RECORD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.